UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**LISA M. WARDWELL**

Debtor

Chapter 11

Case No. 23-10174

## Order Confirming Modified Plan

The Modified Plan under chapter 11 of the Bankruptcy Code filed by Lisa M. Wardwell

("Debtor"), on December 27, 2023 [Dkt. No. 33], having been transmitted to creditors; and

It having been determined after hearing on notice that the requirements for confirmation set forth

in 11 U.S.C. § 1191 (a) have been satisfied;

**IT IS ORDERED** that:

Article 1, Summary is revised to include the following:

The plan term is 36 months.  The Initial Distribution will be made the first business day that is

seven (7) days after the entry of the confirmation order.  To the extent the payments made during

the Initial Distribution are for administrative expenses not yet allowed by the Court, the funds

shall be held in escrow until such time as the claim(s) are allowed.  The three annual

distributions will be made as follows:  a) the first annual distribution will be made by March 31,

2025; b) the second annual distribution will be made by March 31, 2026; and 3) the third annual

distribution will be made by March 31, 2027.

Article 4, Section 4.01, Class 1 secured claim of Bangor Savings Bank ("BSB") is revised as

follows:

Class 1 secured claim of BSB is unimpaired. BSB has a judgment lien on the Debtor's vehicles and personal property for a total secured claim amount of $30,068.90 ("BSB's Secured Claim"). To the extent Bangor Savings Bank receives any funds from Liberty Mutual on account of the Toyota Rav4 that was declared a total loss post-petition, the secured claim shall be reduced by the amount received. The secured claim will be paid as follows: Debtor shall make a payment of $3,000 in the Initial Distribution[1] (the "Initial Payment") and then make 36 monthly payments of $200 each in each subsequent month following the Initial Payment. The Debtor will reduce her monthly expenses as set forth in the Amended Exhibit 2 by $200, which will enable her to make the BSB payment. On month 37, Debtor shall commence making direct monthly payments of $1,000 each until the remaining balance owed on BSB's Secured Claim is paid in full. In addition, Debtor hereby does grant a consensual lien on her 2017 Subaru Outback and will work with BSB to document such lien within 30 days of the Effective Date. Upon payment of the secured claim as outlined herein, BSB shall release all liens on all of the Debtor's property. The balance of BSB's claim (as reflected in its Proof of Claim, Claim No. 10-1) shall be treated as an Allowed Unsecured Claim in Class 4 and as further detailed in this Plan. BSB retains its pre-petition lien on the Debtor's vehicles and personal property for which it had a lien on the petition date until the claim is paid in full.

The last sentence in Article 4, Section 4.01, Class 4 is deleted. Any reference to "Class 3" in Article 4, Section 4.01, Class 4 is replaced with "Class 4."

The Modified Plan filed by Debtor on December 27, 2023 [Dkt. No. 33], and further modified by Amended Exhibit 2 [Dkt. No. 40], is confirmed.

A copy of the confirmed plan is attached.

Dated: March 8, 2024

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Modified Plan.

**Fill in this information to identify the case:**

Debtor: Lisa M. Wardwell

United States Bankruptcy Court for the District of Maine

Case Number: 23-10174

## Modified Plan of Reorganization for Small Business Under Chapter 11

Lisa M. Wardwell's Modified Plan of Reorganization dated December 27, 2023.

**Background for Cases Filed Under Subchapter V**

### A. Description and History of the Debtor's Business

Lisa M. Wardwell (the "Debtor") is an individual residing in Augusta, Maine. Beginning in 2014, the Debtor owned and operated a restaurant in China, Maine. Factors related to the COVID-19 pandemic ultimately led to the closure and forced liquidation of that business. The debts from that business were not fully satisfied as part of the sale process and creditors actively pursued the Debtor for her personal guarantees. The collection activity and substantial amount of debt has hampered the Debtor's ability to move forward. At the time of the filing of this case, the Debtor was successfully operating three other unrelated businesses: a restaurant, which she has operated since 2005; a catering company, which she has operated since 2017; and a real estate holding company, which she has owned since 2011. These businesses have enabled the Debtor to move forward and provide her with sufficient income to address the outstanding business debts giving her the fresh start she is seeking.

### B. Liquidation Analysis

To confirm the Modified Plan of Reorganization (the "Plan"), the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. The liquidation analysis requires that the Debtor pay at least $39,600.00. A liquidation analysis is attached to the Plan as Exhibit 1. The Plan provides that she will pay a total of $40,000.00 to administrative claimants and general unsecured creditors.

### C. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that she will have enough cash over the life of the Plan to make the required Plan payments and operate without further reorganization.

The Plan Proponent has provided projected financial information as detailed in the Amended Schedules I and J and business budgets filed together with this Plan and

marked as Exhibit 2.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as   defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $40,000.00 (or $1,000.00 per month).

The final Plan payment is expected to be paid on or before the date that is three (3) years after the Effective Date of this Plan.

The Debtor will have sufficient disposable income to fund this Plan and fully satisfy her creditors' allowed priority claims, allowed secured claims and allowed nonpriority unsecured claims as further set forth in this Plan.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these   projections.**

## Article 1:  Summary

This Plan filed under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtor from what is referred to herein as "Plan Cash."   During the pendency of the Plan, the Debtor shall make periodic payments into Debtor's Counsel's Chapter 11 Account totaling $40,000.00 (the "Plan Cash").   Such funds shall be distributed to creditors in an initial distribution (the "Initial Distribution") and three (3) annual distributions, as shown in Exhibit 3 attached hereto.   The Initial Distribution will pay the anticipated allowed fees of the Subchapter V Trustee and shall be made by the Effective Date of this Plan or such time as the aforementioned fees become an allowed claim.   The Debtor shall file and serve a Notice of Substantial Consummation not later than 14 days following the Initial Distribution.

This Plan provides for:
> 0 classes of priority claims;
> 3 classes of secured claims;
> 2 class of non-priority unsecured claims; and
> 1 class of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10.2%.  This Plan also provides for payment of administrative claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you  have one. (If you do not have an attorney, you may wish to consult one.)**

Lisa M. Wardwell                                                        Case No. 23-10174

## Article 2:  Classification of Claims and Interests

2.01    Class 1:  The secured claim of Bangor Savings Bank.

2.02    Class 2: The secured claims of Toyota Financial Services and Kennebec Savings Bank.

2.03    Class 3: The secured claim of Citizens Bank N.A.

2.04    Class 4: The unsecured claims of Central Maine Power (Schedule E/F, line 4.4 claim, in the amount $2,782.79), Consolidated Communications (Schedule E/F, line 4.6, in the amount $504.86), NorthCenter PFG (Schedule E/F, line 4.9, in the amount $631.56), NorthCenter PFG (Schedule E/F, line 4.10, in the amount $819.60), and David & Sheree Southmayd (Schedule E/F, line 4.7, in the amount $302,174.18).

2.05    Class 5:  All other non-priority unsecured claims allowed under §502 of the Code.

2.06    Class 6:  The interests of the individual Debtor in property of the estate.

## Article 3:  Administrative Expense Claims

3.01    Unclassified claims:   Under §1123(a)(1) of the Code, administrative expense claims and priority tax claims are not in classes.

3.02    Administrative expense claims:   Administrative   expense   claims   including, without limitation, professional fees and expenses and the Subchapter V Trustee claim are unimpaired. All Administrative Claims shall be paid in full, unless payment terms are subject to a separate Order of the Court: (a) on the later of the Effective Date or the date on which each such Claim becomes and Allowed Claim; or (b) in accordance with such terms as may be agreed upon by the Debtor and each holder of an Administrative Claim. on the effective date of the Plan or upon such other terms as may be agreed up

3.03    Priority tax claims:   Each holder of a priority tax claim pursuant to §507(a)(8) of the Code will be paid the total value of their respective Priority Unsecured Claim consistent with §1129(a)(9)(C) of the Code.

## Article 4:  Treatment of Claims and Interests Under the Plan

4.01    Claims and interest shall be treated as follows under this Plan:

Class 1 secured claim of Bangor Savings Bank is unimpaired.  Bangor Savings Bank has a judgment lien on the Debtor's vehicles and personal property for a total secured claim amount of $30,068.90.   To the extent Bangor Savings Bank receives any funds from

Lisa M. Wardwell                                                          Case No. 23-10174

Liberty Mutual on account of the Toyota Rav4 that was declared a total loss post-petition, the secured claim shall be reduced by the amount received.  The secured claim will be paid upon transfer of the collateral or as the parties may otherwise agree. The balance of the claim shall be treated as an Allowed Unsecured Claim in Class 4 and as further detailed in this Plan.  Bangor Savings Bank retains its pre-petition lien on the Debtor's vehicles and personal property for which it had a lien on the petition date until the claim is paid in full.

Class 2 secured claims of Toyota Financial Services and Kennebec Savings Bank are unimpaired.  Both claims have been paid in full after the petition date and shall receive no further payments from the Debtor or under the Plan.  Toyota Financial Services was paid in full by the Debtor's insurance company as a result of an accident.  Kennebec Savings Bank was paid in full from the money it held to secure its debt.  The balance held by Kennebec Savings Bank in the approximate amount of $218 was refunded to the Debtor.

Class 3 secured claim of Citizens Bank N.A. is unimpaired.  The terms of the Citizens Bank N.A. claim (see Proof of Claim 2) are not modified by the Plan.  The shall be no payments to Citizens Bank N.A. from Plan Cash.

Class 4 unsecured claims of Central Maine Power (Schedule E/F, line 4.4 claim, in the amount $2,782.79), Consolidated Communications (Schedule E/F, line 4.6, in the amount $504.86),  NorthCenter PFG (Schedule E/F, line 4.9, in the amount $631.56), NorthCenter PFG (Schedule E/F, line 4.10, in the amount $819.60), and  David & Sheree Southmayd (Schedule E/F, line 4.7, in the amount $302,174.18) are impaired. The claims in Class 3 are performing debts of the current businesses (see Schedule H).  The businesses are and shall continue to be obligated and pay these claims in the ordinary course.  The claims shall not receive a dividend under the Plan or from Plan Cash.  Upon the entry of the discharge in this case, the Debtor's personal obligation and guarantee of the Class 3 claims is discharged.

Class 5 claims of non-priority unsecured creditors are impaired.  Holders of Allowed Unsecured Claims will receive pro rata distributions from Plan Cash after payment of Counsel Fees as estimated in Exhibit 3 of this Plan attached hereto.

Class 6 claim includes the interest of the individual Debtor in property of the estate and is unimpaired.  The Debtor is not taking a distribution under this Plan.  Upon entry of the Confirmation Order, all property of the Debtor shall vest in the Debtor, free and clear of all liens, claims and encumbrances, except to the extent provided in this Plan.


## Article 5:  Allowance and Disallowance of Claims

5.01   Disputed Claim:    A disputed claim is a claim that has not been allowed or disallowed and as to which either:

      (i)      a proof of claim has been filed or deemed filed, and the Debtor or another

party in interest has filed an objection; or

(ii)     no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of distribution on a disputed claim:        No distribution will be made on account of a disputed claim unless such claim is allowed.

5.03    Settlement of disputed claims:     The Debtor will have the power and authority to settle and compromise a dispute claim with court approval and compliance with Rule 9010 of the Federal Rules of Bankruptcy Procedure.

## Article 6:  Provisions for Executory Contracts and Unexpired Leases

6.01    Assumed executory contracts and unexpired leases:  The Debtor assumes the following executory contracts and unexpired leases as of the effective date: N/A.

6.02    Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under Section 6.01 of this Plan, or that are subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

## Article 7:  Means for Implementation of the Plan

The Debtor shall have adequate means for implementation of this Plan pursuant to § 1123(a)(5) of the Code by (a) income earned by the Debtor from her employment, for which the Debtor shall receive an average monthly wages and draw from the business(es) of $1,940.67, giving the Debtor a net monthly income after paying her reasonably necessary monthly expense of $1,000.00; and (b) any other funds generated or received by the Debtor and not allocated or paid pursuant to this Plan that my become available. Upon entry of the Confirmation Order, all property of the Debtor's estate shall vest in the Debtor, free and clear of all liens, claims and encumbrances, except to the extent provided in this Plan, pursuant to § 1141(b) of the Code.

## Article 8:  General Provisions

8.01    Definitions and rules of construction:  The definitions and rules of construction set for in §101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:  N/A

8.02    Effective date:  The effective date of this Plan is the first business following the date that is 7 days after the entry of the confirmation order.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after on which the stay expires or is otherwise terminated.

8.03    Severability:  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding effect:  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions:  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling effect:  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Maine govern this Plan and any agreements, documents, and instruments execution in connection with this Plan, except as otherwise provided in this Plan.

8.08    Retention of jurisdiction:  To the maximum extent permitted by applicable law, the Bankruptcy Court shall retain jurisdiction over the Case after the Confirmation Date for the following purposes:

(a) to consider and approve any amendment, modification or correction of the Plan, subject to the restrictions set forth in Bankruptcy Code Section 1193 and any modification of the Confirmation Order;

(b) to hear and determine all Fee Claims and all objections filed by the Debtor with respect to Claims other than Fee Claims;

(c) to hear and determine all adversary proceedings, contested matters, or other actions commenced in the Bankruptcy Court by the Debtor against any party and pertaining to any matter, including, without limitation, proceedings for recovery of assets or avoidance of obligations or liens under Sections 544, 545, 546, 547, 548, 549, 550, and 553 of the Bankruptcy Code, proceedings relating to the assumption or rejection of Executory Contracts and Unexpired Leases, and proceedings relating to the enforcement by any creditor of any remedy against the Debtor;

(d) to hear and determine any disputes arising under the Plan, its implementation and the execution of any necessary documents thereunder;

(e) to grant extensions of any deadlines set forth in the Confirmation Order as may be appropriate;

Lisa M. Wardwell                                                                      Case No. 23-10174

(f) to enforce all injunctions and stays granted under this Plan or the Bankruptcy Code, and to enforce the discharge provisions of the Bankruptcy Code and the Plan; and,

(g) to make such Orders as are necessary and appropriate to carry out and implement the provisions of the Plan.

8.09 Undeliverable Distributions.  If payment or distribution on an Allowed Claim under the Plan is returned for lack of a current address, the Debtor shall make reasonable efforts to find a current address and reissue payment on the Allowed Claim.  If the payment or distribution is returned a second time, no further payment or distribution shall be made on the Allowed Claim and the Allowed Claim shall be deemed satisfied and discharged to the same extent as if payment or distribution had been received.  The funds originally allocated for any undeliverable payment as set forth in this paragraph shall be distributed to the remaining Allowed Claims in the respective creditor Class.

8.10 Time Bar to Cash Payments.  Checks issued by the Debtor pursuant to this Plan will be null and void if not cashed within 90 days of the date of their issuance.  Requests for reissuance of any check shall be made to the Debtor by the holder of the Allowed Claim. Any request for reissuance must be made on or before six (6) months after the original date of issuance of the check.  After that date, any Claim related to the void checks shall be deemed satisfied and discharged to the same extent as if payment had been received. The funds originally allocated on the Allowed Claim for which payment is time barred as set forth in this paragraph shall be distributed to the remaining Allowed Claims in the respective creditor Class.

8.11 Direct Payments.  Notwithstanding the provisions of § 1194(b) of the Code, and in the absence of an Order to the contrary, all payments under the Plan shall be made directly by the Debtor.

## Article 9:  Discharge

9.01 Discharge of the individual Debtor under Subchapter V

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any  debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the   Debtor will not be discharged of any debt:

(a) imposed by this Plan; or

(b) excepted from discharge under §523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not

Lisa M. Wardwell                                                                                     Case No. 23-10174

discharge any debt provided for in this   Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as   otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

    (a) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;  or

    (b) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the  Federal Rules of Bankruptcy Procedure.

## Article 10:  Other Provisions

**10.01  Any and all holders of allowed claims or interests that this Plan places in a Class or Classes that is/are impaired under this Plan that do not accept or reject this Plan on or before the date fixed by the Court shall be deemed to have accepted this Plan pursuant to § 1126 of the Code.**

*Remainder of page intentionally blank*

Lisa M. Wardwell                                                          Case No. 23-10174

Dated:  December 27, 2023          /s/ *Lisa M. Wardwell*
                                   Lisa M. Wardwell

Dated:  December 27, 2023          /s/  *Tanya Sambatakos*
                                   Tanya Sambatakos, Esq.
                                   Molleur Law Office
                                   190 Main St., 3rd Fl
                                   Saco, ME 04072
                                   (207) 283-3777
                                   tanya@molleurlaw.com

**EXHIBIT 1** - The identity and fair market value of **Lisa Wardwell's** assets are as follows:

| Property | Valuation | Source of Valuation | Secured Claim Amt. | Value of Exemption | Equity |
|---|---|---|---|---|---|
| 1990 Harley Davidson FLST | $5,000.00 | Sch. B | $5,000.00 – Bangor Savings Bank judgment lien | $0 | $0 |
| 2005 Odyssey Mini Wagon | $1,000.00 | Sch. B | $1,000.00 – Bangor Savings Bank judgment lien | $0 | $0 |
| 2017 Toyota Rav4 – totaled post-petition; amount listed for value is amount received by debtor by insurance company after Toyota Financial Services lien paid in full | $9,507.00 | Amount from insurance after secured loan paid in full | $9,507.00 – second lien on title filed by Bangor Savings Bank | $0 | $0 |
| 2018 Chevrolet Express 2500 | $21,200.00 | Sch. B | $29,728.03 | $0 | $0 |
| 2007 GMC Savannah | $2,500.00 | Sch. B | $2,500.00 – lien on title filed by Bangor Savings Bank | $0 | $0 |
| 2017 Dodge Ram Pro | $18,500.00 | Sch. B | $8,500.00 – lien on title filed by Bangor Savings Bank | $10,000.00 | $0 |
| 2017 EZ Hauler EZEC 7 x 18 | $5,000.00 | Sch. B | $5,000.00 – Bangor Savings Bank judgment lien | $0 | $0 |
| Misc. household goods | $1,000.00 | Sch. B | $0 | $1,000.00 | $0 |
| Misc. electronics | $1,000.00 | Sch. B | $0 | $1,000.00 | $0 |
| Misc. collectibles | $2,000.00 | Sch. B | $0 | $2,000.00 | $0 |
| Firearms | $2,000.00 | Sch. B | $0 | $2,000.00 | |
| Clothing | $1,500.00 | Sch. B | $0 | $1,500.00 | $0 |

| | | | | |
|---|---|---|---|---|
| Misc. jewelry | $2,000.00 | Sch. B | $0 | $2,000.00 | $0 |
| Cash | $6.00 | Sch. B | $0 | $6.00 | $0 |
| Bank accounts | $227.64 | Sch. B | $99.17 – Bangor Savings Bank judgment lien | $128.47 | $0 |
| Kennebec Savings Bank | $5,000.00 | Sch. B | $4,782.00 – Kennebec Savings Bank lien; $218 - Bangor Savings Bank judgment lien | $0 | $0 |
| Metlife Stock (59 Shares) | $3,744.73 | Sch. B | $3,244.73 - Bangor Savings Bank judgment lien | $500.00 | $0 |
| Interest in Eagle Management, LLC | $0 | Sch. B | $0 | $0 | $0 |
| Interest in Lisa's Restaurant & Lounge | $40,000.00 | Sch. B | $0 | $0 | $40,000.00 |
| Interest in Lisa's White Flout Catering | $10,000.00 | Sch. B | $0 | $0 | $10,000.00 |
| Edwards Jones – IRA | $32,311.62 | Sch. B | $0 | $32,311.62 | $0 |
| Edwards Jones – IRA | $6,207.95 | Sch. B | $0 | $6,207.95 | $0 |
| Edward Jones | $0 | Sch. B | $0 | $0 | $0 |
| Pacific Life | $0 | Sch. B | $0 | $0 | $0 |
| New York Life | $26.51 | Sch. B | $0 | $26.51 | $0 |
| Edward Jones | $0 | Sch. B | $0 | $0 | $0 |
| New York Life | $132.35 | Sch. B | $0 | $132.35 | $0 |
| New York Life | $234.89 | Sch. B | $0 | $234.89 | $0 |
| New York Life | $80.72 | Sch. B | $0 | $80.72 | $0 |
| **SUBTOTAL** | $180,179.41 | | $55,017.03 | $59,128.51 | **$50,000.00** |
| **MINUS** 10% cost of liquidation | $162,161.46 | | | | $45,000.00 |
| **MINUS:** Approximate Chapter 7 Trustee Fees  11 U.S.C. § 326 and other administrative expenses (all administered non-exempt equity) | | | | | ($5,400.00) |

| | | | | |
|---|---|---|---|---|
| **Ch. 7 LIQUIDATION AMOUNT (Available for Administrative Expenses and Unsecured Creditors in Hypothetical Chapter 7 Case)** | | | | **$39,600.00** |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Lisa | M | Wardwell |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **District of Maine**

Case number **23-10174**
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| 1. **Fill in your employment information.** | Employment status | ☑ Employed  ☐ Not Employed | ☐ Employed  ☐ Not Employed |
| If you have more than one job, attach a separate page with information about additional employers. | Occupation | Owner | |
| | Employer's name | Lisa's White Flour Catering | |
| Include part time, seasonal, or self-employed work. | Employer's address | | |
| | | Number Street | Number Street |
| Occupation may include student or homemaker, if it applies. | | | |
| | | City    State    Zip Code | City    State    Zip Code |
| | How long employed there? | _____ | _____ |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions.) If not paid monthly, calculate what the monthly wage would be. | $1,216.67 | $0.00 |
| 3. | Estimate and list monthly overtime pay. | + $0.00 | + $0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | $1,216.67 | $0.00 |

| Debtor 1 | **Lisa** | **M** | **Wardwell** | Case number *(if known)* 23-10174 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here.............................................→ | 4. | $1,216.67 | $0.00 |

5. List all payroll deductions:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $276.00 | $0.00 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $0.00 | $0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $0.00 | $0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $0.00 | $0.00 |
| 5e. **Insurance** | 5e. | $0.00 | $0.00 |
| 5f. **Domestic support obligations** | 5f. | $0.00 | $0.00 |
| 5g. **Union dues** | 5g. | $0.00 | $0.00 |
| 5h. **Other deductions.** Specify: _____ | 5h. + | $0.00 | + $0.00 |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | $276.00 | $0.00 |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $940.67 | $0.00 |

8. List all other income regularly received:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $1,000.00 | $0.00 |
| 8b. **Interest and dividends** | 8b. | $0.00 | $0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $0.00 | $0.00 |
| 8d. **Unemployment compensation** | 8d. | $0.00 | $0.00 |
| 8e. **Social Security** | 8e. | $0.00 | $0.00 |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $0.00 | $0.00 |
| 8g. **Pension or retirement income** | 8g. | $0.00 | $0.00 |
| 8h. **Other monthly income.** Specify: _____ | 8h. + | $0.00 | + $0.00 |
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $1,000.00 | $0.00 |
| 10. **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse | 10. | $1,940.67 + | $0.00 = | $1,940.67 |

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.

Specify: _____     11. + $0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information*, if it applies     12. $1,940.67

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☑ No.

☐ Yes. Explain: _____

| Debtor 1 | **Lisa** | **M** | **Wardwell** | Case number *(if known)* 23-10174 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

8a. Attached Statement

# Lisa's Restaurant & Lounge

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

| | | |
|---|---|---|
| 1. | Gross Monthly Income: | $129,679.00 |

PART B - ESTIMATED AVERAGE FUTURE MONTHLY EXPENSES:

| | | |
|---|---|---|
| 2. | Ordinary and necessary expense | $0.00 |
| 3. | Net Employee Payroll (Other than debtor) | $43,220.00 |
| 4. | Payroll Taxes | $5,680.00 |
| 5. | Unemployment Taxes | $0.00 |
| 6. | Worker's Compensation | $660.00 |
| 7. | Other Taxes | $67.00 |
| 8. | Inventory Purchases (Including raw materials) | $0.00 |
| 9. | Purchase of Feed/Fertilizer/Seed/Spray | $0.00 |
| 10. | Rent (Other than debtor's principal residence) | $5,000.00 |
| 11. | Utilities | $6,313.00 |
| 12. | Office Expenses and Supplies | $2,468.00 |
| 13. | Repairs and Maintenance | $5,600.00 |
| 14. | Vehicle Expenses | $633.00 |
| 15. | Travel and Entertainment | $0.00 |
| 16. | Equipment Rental and Leases | $0.00 |
| 17. | Legal/Accounting/Other Professional Fees | $10.00 |
| 18. | Insurance | $1,751.00 |
| 19. | Employee Benefits (e.g., pension, medical, etc.) | $0.00 |
| 20. | Payments to be Made Directly by Debtor to Secured Creditors for Pre-Petition Business Debts | |
| | TOTAL PAYMENTS TO SECURED CREDITORS | $0.00 |

| | | | |
|---|---|---|---|
| 21. | Other Expenses | | |
| | Cost of Goods Sold | $52,000.00 | |
| | Advertising | $70.00 | |
| | Credit Card Fees | $2,980.00 | |
| | Dues and Subscriptions | $36.00 | |
| | Licenses and Permits | $145.00 | |
| | Music | $1,580.00 | |
| | Trash Removal | $187.00 | |
| | Website | $47.00 | |
| | Miscellaneous | $732.00 | |
| | TOTAL OTHER EXPENSES | | $57,777.00 |

| | | |
|---|---|---|
| 22. | TOTAL MONTHLY EXPENSES(Add item 2 - 21) | $129,179.00 |

PART C - ESTIMATED AVERAGE NET MONTHLY INCOME:

| | | |
|---|---|---|
| 23. | AVERAGE NET MONTHLY INCOME(Subtract item 22 from item 1) | $500.00 |

| Debtor 1 | **Lisa** | **M** | **Wardwell** | Case number *(if known)* 23-10174 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

8a. Attached Statement

## Eagle Management

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

| | | |
|---|---|---|
| 1. | Gross Monthly Income: | $5,000.00 |

PART B - ESTIMATED AVERAGE FUTURE MONTHLY EXPENSES:

| | | |
|---|---|---|
| 2. | Ordinary and necessary expense | $0.00 |
| 3. | Net Employee Payroll (Other than debtor) | $0.00 |
| 4. | Payroll Taxes | $0.00 |
| 5. | Unemployment Taxes | $0.00 |
| 6. | Worker's Compensation | $0.00 |
| 7. | Other Taxes | $0.00 |
| 8. | Inventory Purchases (Including raw materials) | $0.00 |
| 9. | Purchase of Feed/Fertilizer/Seed/Spray | $0.00 |
| 10. | Rent (Other than debtor's principal residence) | $0.00 |
| 11. | Utilities | $0.00 |
| 12. | Office Expenses and Supplies | $0.00 |
| 13. | Repairs and Maintenance | $0.00 |
| 14. | Vehicle Expenses | $0.00 |
| 15. | Travel and Entertainment | $0.00 |
| 16. | Equipment Rental and Leases | $0.00 |
| 17. | Legal/Accounting/Other Professional Fees | $10.00 |
| 18. | Insurance | $108.00 |
| 19. | Employee Benefits (e.g., pension, medical, etc.) | $0.00 |
| 20. | Payments to be Made Directly by Debtor to Secured Creditors for Pre-Petition Business Debts | |
| | TOTAL PAYMENTS TO SECURED CREDITORS | $0.00 |

| | | | |
|---|---|---|---|
| 21. | Other Expenses | | |
| | Loan | $555.00 | |
| | Mortgage | $2,095.00 | |
| | Property Taxes | $785.00 | |
| | Property Insurance | $400.00 | |
| | Cap Ex Account | $1,047.00 | |
| | TOTAL OTHER EXPENSES | | $4,882.00 |
| | | | $5,000.00 |
| 22. | TOTAL MONTHLY EXPENSES(Add item 2 - 21) | | |

PART C - ESTIMATED AVERAGE NET MONTHLY INCOME:

| | | |
|---|---|---|
| 23. | AVERAGE NET MONTHLY INCOME(Subtract item 22 from item 1) | $0.00 |

| Debtor 1 | **Lisa** | **M** | **Wardwell** | Case number *(if known)* 23-10174 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

8a. Attached Statement

## Lisa's White Flour Catering

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

| | | | |
|---|---|---|---|
| 1. | Gross Monthly Income: | | $20,807.00 |

PART B - ESTIMATED AVERAGE FUTURE MONTHLY EXPENSES:

| | | | |
|---|---|---|---|
| 2. | Ordinary and necessary expense | | $0.00 |
| 3. | Net Employee Payroll (Other than debtor) | | $8,793.00 |
| 4. | Payroll Taxes | | $713.00 |
| 5. | Unemployment Taxes | | $0.00 |
| 6. | Worker's Compensation | | $75.00 |
| 7. | Other Taxes | | $0.00 |
| 8. | Inventory Purchases (Including raw materials) | | $2,558.00 |
| 9. | Purchase of Feed/Fertilizer/Seed/Spray | | $0.00 |
| 10. | Rent (Other than debtor's principal residence) | | $2,898.00 |
| 11. | Utilities | | $0.00 |
| 12. | Office Expenses and Supplies | | $0.00 |
| 13. | Repairs and Maintenance | | $0.00 |
| 14. | Vehicle Expenses | | $186.00 |
| 15. | Travel and Entertainment | | $0.00 |
| 16. | Equipment Rental and Leases | | $0.00 |
| 17. | Legal/Accounting/Other Professional Fees | | $10.00 |
| 18. | Insurance | | $594.00 |
| 19. | Employee Benefits (e.g., pension, medical, etc.) | | $0.00 |
| 20. | Payments to be Made Directly by Debtor to Secured Creditors for Pre-Petition Business Debts | | |
| | TOTAL PAYMENTS TO SECURED CREDITORS | | $0.00 |
| 21. | Other Expenses | | |
| | Food, Beer, and Wine Purchased | $3,975.00 | |
| | Licenses and Permits | $254.00 | |
| | Causual Labor | $67.00 | |
| | Square Service Charges | $184.00 | |
| | TOTAL OTHER EXPENSES | | $4,480.00 |
| 22. | TOTAL MONTHLY EXPENSES(Add item 2 - 21) | | $20,307.00 |

PART C - ESTIMATED AVERAGE NET MONTHLY INCOME:

| | | | |
|---|---|---|---|
| 23. | AVERAGE NET MONTHLY INCOME(Subtract item 22 from item 1) | | $500.00 |

Fill in this information to identify your case:

| Debtor 1 | Lisa | M | Wardwell |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    **District of Maine**

Case number **23-10174**
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No

      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☑ No

   ☐ Yes. Fill out this information
   for each dependent................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No

   ☐ Yes

## Part 2:  Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $0.00 |
| **If not included in line 4:** | | |
| 4a. Real estate taxes | 4a. | $0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $0.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $0.00 |
| 4d. Homeowner's association or condominium dues | 4d. | $0.00 |

| Debtor 1 | **Lisa** | **M** | **Wardwell** | Case number *(if known)* 23-10174 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| | | **Your expenses** |
|---|---|---|

5. **Additional mortgage payments for your residence,** such as home equity loans — 5. $0.00

6. **Utilities:**
   6a. Electricity, heat, natural gas — 6a. $0.00
   6b. Water, sewer, garbage collection — 6b. $0.00
   6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $0.00
   6d. Other. Specify: _____ — 6d. $0.00

7. **Food and housekeeping supplies** — 7. $300.00

8. **Childcare and children's education costs** — 8. $0.00

9. **Clothing, laundry, and dry cleaning** — 9. $50.00

10. **Personal care products and services** — 10. $50.00

11. **Medical and dental expenses** — 11. $0.00

12. **Transportation.** Include gas, maintenance, bus or train fare.
    Do not include car payments. — 12. $70.00

13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $100.00

14. **Charitable contributions and religious donations** — 14. $0.00

15. **Insurance.**
    Do not include insurance deducted from your pay or included in lines 4 or 20.
    15a. Life insurance — 15a. $170.00
    15b. Health insurance — 15b. $0.00
    15c. Vehicle insurance — 15c. $0.00
    15d. Other insurance. Specify: _____ — 15d. $0.00

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
    Specify: _____ — 16. $0.00

17. **Installment or lease payments:**
    17a. Car payments for Vehicle 1 — 17a. $0.00
    17b. Car payments for Vehicle 2 — 17b. $0.00
    17c. Other. Specify: _____ Bangor Savings _____ — 17c. $200.00
    17d. Other. Specify: _____ — 17d. $0.00

18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** — 18. $0.00

19. **Other payments you make to support others who do not live with you.**
    Specify: _____ — 19. $0.00

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***
    20a. Mortgages on other property — 20a. $0.00
    20b. Real estate taxes — 20b. $0.00
    20c. Property, homeowner's, or renter's insurance — 20c. $0.00
    20d. Maintenance, repair, and upkeep expenses — 20d. $0.00
    20e. Homeowner's association or condominium dues — 20e. $0.00

| Debtor 1 | **Lisa** | **M** | **Wardwell** | Case number *(if known)* 23-10174 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

21. **Other.** Specify: _____    21. **+** _____ $0.00

22. **Calculate your monthly expenses.**

    22a. Add lines 4 through 21.    22a. _____ $940.00

    22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2    22b. _____ $0.00

    22c. Add line 22a and 22b. The result is your monthly expenses.    22c. _____ $940.00

23. **Calculate your monthly net income.**

    23a. Copy line 12 (your combined monthly income) from *Schedule I.*    23a. _____ $1,940.67

    23b. Copy your monthly expenses from line 22c above.    23b. **–** _____ $940.00

    23c. Subtract your monthly expenses from your monthly income.
       The result is your *monthly net income.*    23c. _____ $1,000.67

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

    For example, do you expect to finish paying for your car loan within the year or do you expect your
    mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ☑ No.
    ☐ Yes.    None

---

# EXHIBIT 3: Lisa M. Wardwell~ PLAN CALCULATION, SCHEDULE OF PROPOSED ALLOWED CLAIMS, AND DIVIDEND ANALYSIS

## PART 1: PLAN

|  | Administrative Claim of Counsel  Molleur Law Office | Trustee fee | General Unsecured Claims | Total Plan Contribution / Distribution |
|---|---|---|---|---|
| **Claim Amount** | $ 9,500.00 | $ 2,500.00 | $ 28,000.00 | $ 40,000.00 |
| **Initial** | $ 1,500.00 | $ 2,500.00 | $ - | $ 4,000.00 |
| **Running Balance** | $ 8,000.00 | $ - | $ 28,000.00 | |
| **1st Annual** | $ 5,000.00 | $ - | $ 7,000.00 | $ 12,000.00 |
| **Running Balance** | $ 3,000.00 | $ - | $ 21,000.00 | |
| **2nd Annual** | $ 2,000.00 | $ - | $ 10,000.00 | $ 12,000.00 |
| **Running Balance** | $ 1,000.00 | $ - | $ 11,000.00 | |
| **3rd Annual** | $ 1,000.00 | $ - | $ 11,000.00 | $ 12,000.00 |
| **Total** | $ 9,500.00 | $ 2,500.00 | $ 28,000.00 | $ 40,000.00 |

## PART 2:  SCHEDULE OF PROPOSED ALLOWED CLAIMS AND DIVIDEND ANALYSIS

| General Unsecured Claims | Claim No./Source of Claim | Amount Claimed or Scheduled Amount | Proposed Allowed Unsecured Amount |
|---|---|---|---|
| Capital One NA | Claim 1 | $ 16,227.14 | $ 1,654.80 |
| Capital One NA | Claim 4 | $ 286.68 | $ 29.23 |
| Capital One NA | Claim 5 | $ 1,458.11 | $ 148.69 |
| Bangor Savings Bank | Sch. F less secured claim | $ 42,994.17 | $ 4,384.44 |
| Central Maine Power | Sch. F | $ 2,782.79 | $ - |
| Citibank/The Home Depot | Sch. F | $ 2,241.35 | $ 228.57 |
| Consolidated Communications | Sch. F | $ 504.86 | $ - |
| David & Sheree Southmayd | Sch. F | $ 302,174.18 | $ - |
| Maine General | Sch. F | $ 9,477.00 | $ 966.44 |
| NorthCenter PFG | Sch. F | $ 631.56 | $ - |
| NorthCenter PFG | Sch. F | $ 819.60 | $ - |
| Performance Food Service | Sch. F | $ 4,033.05 | $ 411.28 |
| Synchrony Bank/Amazon | Sch. F | $ 357.00 | $ 36.41 |
| Synchrony Bank/TJX | Sch. F | $ 2,667.73 | $ 272.05 |
| US Small Business Administration | Sch. F | $ 194,828.00 | $ 19,868.08 |
| **TOTAL UNSECURED CLAIMS POOL** | | **$581,483.22** | **$28,000.00** |
| Total Estimated Unsecured Distribution (from PART ONE above) | | | $ 28,000.00 |

### PROJECTED DIVIDEND          10.20%